[No. B028734. Second Dist., Div. Five. Aug. 15, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ANDREW McLAUGHLIN, Defendant and Appellant.

**COUNSEL**

Edward Hoey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Sharlene A. Honnaka, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOREN, J.**—David Andrew McLaughlin was charged by complaint with three counts of committing lewd acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a)) and three counts of oral copulation of a child under the age of 14 (Pen. Code, § 288a, subd. (c)). As to the lewd act counts, it was additionally alleged that these were serious felonies (Pen. Code, § 1192.7, subd. (c)(6)), and that McLaughlin—the victim's uncle—occupied

a position of special trust and committed an act of substantial sexual conduct (Pen. Code, § 1203.066, subds. (a)(8)-(9)).

In the municipal court, McLaughlin entered an open plea of guilty to two of the lewd act counts, and admitted the special allegations. In return, it was agreed that the maximum term of incarceration he could receive was 16 years. The remaining counts against him were dismissed. Probation was denied and McLaughlin was sentenced to the mid-term of six years on both counts, each term to run concurrently with the other.

The sole issue on appeal is whether the superior court failed to exercise its discretion properly in denying probation.

## DISCUSSION

Penal Code section 1203.066, subdivision (a) declares that a defendant who commits the type of substantial sexual acts charged here while occupying a position of special trust is *in*eligible for probation. However, probation may still be a potential sentencing choice provided that the trial court makes *all* of the following findings: "(1) The defendant is the victim's natural parent, adoptive parent, stepparent, relative, or is a member of the victim's household who has lived in the household. [¶] (2) Imprisonment of the defendant is not in the best interest of the child. [¶] (3) Rehabilitation of the defendant is feasible in a recognized treatment program designed to deal with child molestation, and if the defendant is to remain in the household, a program that is specifically designed to deal with molestation within the family. [¶] (4) There is no threat of physical harm to the child victim if there is no imprisonment. The court upon making its findings pursuant to this subdivision is not precluded from sentencing the defendant to jail or prison, but retains the discretion not to. The court shall state its reasons on the record for whatever sentence it imposes on the defendant." (Pen. Code, § 1203.066, subd. (c).)

In enacting section 1203.066 it appears that the Legislature intended that state prison be the sentencing norm in child molestation cases, meeting the criteria in subdivision (a), and that the defendant bear the burden of persuading the court to depart from that norm by granting probation.

The record amply supports the sentence imposed in this case. At the request of defense counsel, the court heard the statement of the victim's mother (McLaughlin's sister) and read a psychiatric report, both of which provided some evidence which could lend support to findings under subdivision (c) of section 1203.066. The court was not ignorant of its options, however. When the prosecutor stated his belief that McLaughlin was not

eligible for probation (because he had admitted the allegations under subdivisions (a)(8) and (a)(9) of section 1203.066), the court rejoined: "I am going to find that he is statutorily ineligible for probation, pursuant to 1203.066(a). I understand what you are saying, that this Court has to find pursuant to 1203.066(c) all those factors." But the court did not in fact make any findings pursuant to subdivision (c). The court did go on to give reasons why it was denying probation, a procedure it was not required to employ when probation is denied merely on the basis of statutory ineligibility. Hence, McLaughlin has no complaint of substance since the trial judge arrived at the same point he would have reached had findings been made pursuant to subdivision (c).

By stating reasons for denying probation, the trial judge implicitly acknowledged that, although he could make findings that would overcome the statutory ineligibility of subdivision (a), he was exercising his discretion to deny probation as subdivision (c) permits even when findings thereunder are made. In essence, McLaughlin failed to carry his burden of persuading the court to depart from the norm and to grant probation. McLaughlin would have been in no better position had the trial judge made findings as to all four factors under subdivision (c) since the judge, acting as if there were no statutory barrier to probation, stated reasons for denying probation as a matter of discretion.

■ Contrary to McLaughlin's further contention, the trial court properly complied with rule 414 of the California Rules of Court and stated adequate reasons for its sentencing choice of imprisonment and denial of probation. (See *People* v. *Arceo* (1979) 95 Cal.App.3d 117, 121 [157 Cal.Rptr. 10]; Pen. Code, § 1170, subd. (c).) By taking into account both subdivision (a) and subdivision (c) of section 1203.066, the court clearly satisfied the requirement of rule 414(a) that the sentencing court consider "[s]tatutory provisions authorizing, limiting or prohibiting the grant of probation. . . ."

The court also specified adequate reasons for denying probation. In accordance with the criteria listed in rule 414, the court based its denial on "[t]he likelihood that if not imprisoned, this defendant would be a danger to others; the nature, the seriousness and the circumstances of this particular crime; the vulnerability of the victim and the degree of harm or loss to the victim; . . . [and] the likely effect of imprisonment on the defendant . . . ." The trial court indicated on the record that it was also considering, in its weighing process, the defendant's prior criminal record, his personal and family background, and the extent of his remorse.

Accordingly, we affirm because the record is clear that the court, based on all the facts and circumstances, concluded that probation was inappro-

priate even if all four factors listed in subdivision (c) are presumed to have been decided in McLaughlin's favor. This determination to deny probation was not an abuse of discretion in view of the nature of the crimes involved in this case.

## DISPOSITION

The judgment is affirmed.

Ashby, Acting P. J., and Kennard, J., concurred.