[No. F010139. Fifth Dist. Nov. 29, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED R. LAMMEY, Defendant and Appellant.

[No. F011950. Fifth Dist. Nov. 29, 1989.]

In re ALFRED R. LAMMEY on Habeas Corpus.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Harvey R. Zall and Fern M. Laethem, State Public Defenders, under appointment by the Court of Appeal, Joan A. Markoff and Cynthia Rodriguez, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gary A. Binkerd, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### FRANSON, P. J.—

#### STATEMENT OF THE CASE

Appellant was convicted on 3 counts of sodomy with a child under 14 years old (Pen. Code, § 286, subd. (c))[1] and 3 counts of oral copulation with a child under 14 years old (§ 288a, subd. (c)). The jury also found true as to each count the special allegation that appellant was a person who occupied a position of special trust and committed an act of substantial sexual conduct upon the victim. (§ 1203.066, subd. (a)(9).)

The trial court found appellant was statutorily ineligible for probation under section 1203.066 and sentenced him to state prison for 10 years.

On appeal, appellant contends the trial court's failure to make the findings which nullify a defendant's statutory ineligibility for probation under section 1203.066, subdivision (c) was error. We hold that if there was error in the trial court's failure to make the required findings, the error was

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

harmless because appellant failed to prove his eligibility for probation under the other provisions of subdivision (c).

In the related petition for writ of habeas corpus, appellant contends he was denied the effective assistance of counsel by his trial attorney's failure to: (1) investigate appellant's assertions that appellant was impotent; and (2) present psychological testimony at the sentencing hearing regarding appellant's eligibility for probation under section 1203.066, subdivision (c).

We hold that appellant has made a colorable claim of inadequate representation of counsel both as to the impotence defense and the failure to provide psychological testimony at sentencing. Accordingly, we will remand the case for an evidentiary hearing before the trial judge to determine the merits of the habeas petition.

## STATEMENT OF FACTS

The minor victim Eddie S. and his adoptive parents Robert and Edith S. arrived in California in late 1984. Being short of cash, they stopped in front of a coffee shop in Modesto and tried to sell a camera. Appellant heard about the family's situation and invited them into the coffee shop. Over coffee, appellant asked them if they would like to spend the weekend at his house. The family stayed with appellant for over a month.

Mr. and Mrs. S. moved to Turlock in February 1985. However, Eddie stayed with appellant for a couple more weeks to complete his school work. After Eddie joined his parents in Turlock, he continued to visit appellant on weekends. During these weekend visits, appellant sodomized and orally copulated Eddie.

Beginning in April 1985, appellant and the S. family again lived together in Modesto for approximately 10 months. Appellant continued sodomizing and orally copulating Eddie on a regular basis until the S. family moved to Connecticut.

In September 1986, the S. family returned to Modesto. Mr. and Mrs. S. moved to a trailer park, but Eddie stayed with appellant. During June, July, and August 1987, appellant sodomized and orally copulated Eddie. In August 1987, Eddie moved in with his parents permanently.

A medical examination of Eddie conducted on October 14, 1987, revealed a marked redness in the rectum, hollowed out tissue behind the anal opening, and an abnormal decrease in rectal tone. The doctor concluded there

had been multiple episodes of trauma to the rectal area, including some penetration into the rectum.

DISCUSSION

I. *Whether the trial court erroneously concluded appellant was not eligible for probation under section 1203.066, subdivision (c).*

Since the jury found that appellant violated a position of special trust and committed an act of substantial sexual conduct on the victim, appellant was brought within the provisions of section 1203.066, subdivision (a)(9). That section provides, in part: "probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for . . . [¶] (9) A person who occupies a position of special trust and commits an act of substantial sexual conduct. . . ." However, section 1203.066, subdivision (c) authorizes a trial court to grant probation when the defendant is otherwise ineligible for probation under subdivision (a)(9) if the court makes all of the following findings:

"(1) The defendant is the victim's natural parent, adoptive parent, step-parent, relative, or is a member of the victim's household who has lived in the household.

"(2) Imprisonment of the defendant is not in the best interest of the child.

"(3) Rehabilitation of the defendant is feasible in a recognized treatment program designed to deal with child molestation, and if the defendant is to remain in the household, a program that is specifically designed to deal with molestation within the family.

"(4) There is no threat of physical harm to the child victim if there is no imprisonment. . . ."

■   The trial court found that appellant was a member of the victim's household within the meaning of section 1203.066, subdivision (c)(1). However, the court declined to make the remaining findings. Appellant contends this was error.

With respect to section 1203.066, subdivision (c)(2), the trial court stated: "The next one is a finding that imprisonment is not in the best interest of the child. Now, the obvious situation there is where the child is still in the home and to remove the child from the home, or to remove the Defendant from the home would not be in the best interest of the child. That is not present in this case. This is not the child's home. *I cannot possibly make that*

*finding.*" (Italics added.) This statement suggests the court may have believed as a matter of law it could not find that imprisonment of appellant was not in Eddie's best interest because Eddie was not living with appellant at the time of sentencing.

In *People* v. *Jeffers* (1987) 43 Cal.3d 984 [239 Cal.Rptr. 886, 741 P.2d 1127], the court held a finding that the defendant is a member of the victim's household under section 1203.066, subdivision (c)(1) does not require that the defendant retain that status until the time of sentencing. Based on the legislative history of section 1203.066, the court interpreted subdivision (c)(1) as fixing the crucial time for determining eligibility for probation at the time the offense was committed. (*Id.* at pp. 998-1000.) Otherwise, eligibility for probation could be determined by the play of extraneous factors. For example, a defendant might attempt to maintain a close relationship with the victim even though there is a high level of friction. Further, "[a] victim's mother or guardian, knowing the importance to the defendant, might be too fearful of or solicitous for the defendant to sever the relationship or, conversely, might break with the defendant precisely to ensure ineligibility for probation." (*Id.* at p. 998.)

Similarly, if subdivision (c)(2) is construed as requiring that the defendant and the victim be living together at the time of sentencing, the irrelevant and extraneous factors, which the *Jeffers* court held should not affect eligibility for probation, could play a role in the ability of the trial court to make a finding under subdivision (c)(2). Further, although a defendant could be found to be a member of the victim's household when not living with the victim at the time of sentencing, under this construction of subdivision (c)(2), such an absent defendant would never be eligible for probation. This result is inconsistent with the *Jeffers* court's analysis. As noted by the court in *Jeffers*: "As first proposed, subdivision (c)(2) would have required a finding that '[i]mprisonment of the defendant would either cause psychological harm to the child, or cause the breakup of the family, or both.' The replacement of this language with the broader language finally adopted shows not only that subdivision (c)(2) encompasses the problems of financial and emotional dependency and the blaming of the victim by other family members, but also that the Legislature intended to permit a finding of eligibility for probation in cases where these particular problems do not exist but there is some other basis for concluding that imprisonment of the defendant would not be in the child's best interest." (43 Cal.3d at p. 999.)

Thus, if the trial court interpreted subdivision (c)(2) as applying solely to defendants who are still residing with the victim, it was in error.[2] ■ Nevertheless, any such error was harmless. As discussed below, the judgment should be affirmed on appeal due to appellant's failure to present any evidence regarding his eligibility for probation under subdivision (c).

"In enacting section 1203.066 it appears that the Legislature intended that state prison be the sentencing norm in child molestation cases, meeting the criteria in subdivision (a), and that the defendant bear the burden of persuading the court to depart from that norm by granting probation." (*People* v. *McLaughlin* (1988) 203 Cal.App.3d 1037, 1039 [250 Cal.Rptr. 382].)

Here, appellant presented no evidence regarding whether the child's best interest required that he not be imprisoned (subd. (c)(2)), whether rehabilitation was feasible (subd. (c)(3)), or whether he caused a threat of physical harm to the child if not imprisoned (subd. (c)(4)). In fact, the court specifically stated it could not make a finding under subdivision (c)(4) because of this lack of evidence. Thus appellant failed to carry his burden of persuading the court to grant probation.

II. *Whether appellant received ineffective assistance of counsel.**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The judgment is affirmed. We direct the issuance of an order to show cause returnable in the superior court on the writ petition.

Stone (W. A.), J., and Dibiaso, J., concurred.

---

[2] We do not mean to suggest that a trial court cannot consider the defendant's absence from the child's home as a factor in making the subdivision (c)(2) finding. If, for example, the absent defendant no longer provides support for the child or there is no reasonable probability of a future family relationship between the defendant and the child, the defendant's imprisonment may have no bearing on the child's best interest. We only hold that subdivision (c)(2) does not require as a matter of law that at the time of sentencing the defendant be residing in the child's home.

*See footnote, *ante,* page 92.