Filed 7/23/14  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>ALBERT ANTONIO RODRIGUEZ,<br><br>　　　Defendant and Appellant. | E056943<br><br>(Super.Ct.No. RIF1105123)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br>[NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on June 23, 2014, is modified as follows:

1.  Page three, line 15; the words "ten years old" should be changed to "seven years old."

2.  Page 13, footnote 7; the semicolon and all text following it has been deleted. The footnote has been modified to read as follows:

"Jane Doe was 14 at the time of trial."

1

Except for these modifications, the opinion remains unchanged.  These modifications do not effect a change in the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

I concur:


McKINSTER
J.

2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056943 |
| v. | (Super.Ct.No. RIF1105123) |
| ALBERT ANTONIO RODRIGUEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Charles J. Koosed, Judge. Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton, Stephanie H. Chow, and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Albert Antonio Rodriguez guilty of 10 counts of committing a lewd and lascivious act on a child under the age of 14 years (Pen. Code, § 288, subd. (a);[1] counts 1-6 & 9-12).[2] The jury also found true the allegation that defendant committed lewd and lascivious acts against more than one victim (former § 667.61, subd. (e)(5) [effective September 28, 1998] & current § 667.61, subd. (e)(5)).[3] The trial court sentenced defendant to state prison for an indeterminate term of 15 years to life on count 1 as to victim 1, plus a consecutive indeterminate term of 15 years to life on count 2 as to victim 2; plus concurrent indeterminate terms of 15 years to life on the remaining counts. On appeal, defendant contends that the matter must be remanded because the trial court erroneously relied on the present version of sections 667.61 and 1203.66 in concluding defendant was statutorily ineligible for probation. In his supplemental letter brief following oral argument, defendant argues that (1) remand would not be futile despite the number of acts of molestation; and (2) his trial counsel was ineffective for misunderstanding that he was statutorily ineligible for probation and for failing to present evidence to show he could meet the statutory criteria

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The jury was deadlocked as to the remaining two charges of lewd and lascivious conduct (counts 7 and 8), and the trial court declared a mistrial as to those counts. The People later dismissed those counts.

[3] Former section 667.61, effective September 28, 1998, will be hereafter referred to as "1998 section 667.61." Former section 667.61, effective September 20, 2006, and November 8, 2006, will be referred to as "2006 section 667.61."

2

for granting probation under former section 1203.066, subdivision (c). We reject these contentions and affirm the judgment.

I

FACTUAL BACKGROUND

Defendant is the cousin of Jane Doe 1 and Jane Doe 2, who were born in 1994 and 1997, respectively.[4] Defendant lived with Jane Doe 1, Jane Doe 2, and their mother, stepfather, brother, and older sister in Colton and Moreno Valley.

Beginning when Jane Doe 1 was five or six years old in 2000 or 2001, defendant would come into Jane Doe 1's room every night for one year around midnight, lie on top of her with his clothes on, and rub his penis over her vagina area for about five to 15 minutes. Jane Doe 1 was afraid and pretended to be asleep during these acts. When Jane Doe 1 was 10 years old, defendant began touching Jane Doe 1's vagina under her underwear during a one-year period. About half the time he touched Jane Doe 1, defendant digitally penetrated her vagina.

Beginning when Jane Doe 2 was ten years old in 2007, defendant touched her buttocks under her underwear and vagina over her underwear between more than five but less than 10 times until she was about eight years old. Defendant never said anything and Jane Doe 2 pretended to be asleep. On one occasion, when Jane Doe 2 was 11 years old, she fell asleep on the couch, but awoke to find defendant trying to unbuckle her pants. Jane Doe 2 got up and left the room; and defendant ran back to the couch he slept on.

_____

[4] At the time of trial, Jane Doe 1 was 17 years old and pregnant. Jane Doe 2 was 14 years old.

3

The girls eventually disclosed the molestations. Defendant was arrested and interviewed by a detective. During the interview, defendant admitted to molesting both Jane Doe 1 and Jane Doe 2 during the night while they slept. Defendant claimed it only happened in Moreno Valley at most 10 times. Defendant expressed remorse and hoped the victims could forgive him. After the interview, defendant wrote an apology letter to the victims, expressing how ashamed he felt and how sorry he was for what he had done.

Defendant was convicted of five counts of lewd and lascivious acts on a child under the age of 14 years (§ 288, subd. (a)) alleged to have occurred in 2005, and five counts alleged to have occurred in 2007. The jury also found that as to each count alleged that defendant committed the offenses against more than one victim (§ 667.61, subd. (e)(5)).

II

DISCUSSION

Defendant argues that the trial court's reliance on the current sections 667.61 and 1203.066 to conclude defendant was statutorily ineligible for probation violated the constitutional ban on ex post facto laws, and therefore, the case must be remanded for resentencing. The People argue defendant forfeited this claim. In the alternative, the People contend the trial court did not misunderstand the scope of its discretion, but rather after considering the mitigating and aggravating factors, properly denied probation. The People further maintain that "it is not reasonably probable the court would have made a different sentencing decision had it more fully stated reasons for its sentencing choices."

4

The following is a summarized timeline of the sentencing rules applicable to defendant's case. First, for crimes committed on and after September 20, 2006, section 667.61 provided that defendant shall be punished by a term of "15 years to life" in prison, and probation was not a possibility. (2006 § 667.61, subds. (b), (c)(8), (e)(5), (h).)

Second, for crimes committed between January 1, 2006 and September 19, 2006, former section 667.61 provided that defendant shall be sentenced to prison for "life and shall not be eligible for release on parole for 15 years,"[5] unless defendant qualifies for probation under section 1203.066, subdivision (c). (1998 § 667.61, subds. (b), (c)(7), (h).) During the January 1, 2006 to September 19, 2006 time period, defendant would not have qualified for probation under section 1203.066 because defendant molested multiple victims. (Former § 1203.066, subds. (a)(7), (d)(1) [effective January 1, 2006].)[6]

Third, for crimes committed prior to January 1, 2006, section 667.61 provided that defendant shall be sentenced to prison for "life and shall not be eligible for release on parole for 15 years," unless defendant qualified for probation under section 1203.066, subdivision (c). (1998 § 667.61, subds. (b), (c)(7), (h).) Prior to January 1, 2006, defendant could have qualified for probation if he satisfied the following criteria: (1) the

---

[5] The People and defendant do not address the difference, if any, between a defendant being sentenced to prison for "15 years to life" (2006 § 667.61, subd. (b)) and a person being sentenced to prison for "life and [not being] eligible for release on parole for 15 years" (1998 § 667.61, subd. (b).) Since the parties have not addressed this issue, we will assume that the different terminology is not pertinent to defendant's appeal.

[6] Former section 1203.066, effective January 1, 2006, will hereafter be referred to as "2006 section 1203.066." Former section 1203.066, effective December 31, 2005, will be referred to as "2005 section 1203.066."

defendant was the victims' relative; (2) probation was in the children's best interest; (3) rehabilitation of the defendant was feasible, the defendant was amendable to treatment, and the defendant was placed in a recognized treatment program designed to address child molestation; (4) the defendant was removed from the victims' household until the trial court determined that it was in the best interest of the victims to return the defendant to the household; and (5) there was no threat of physical harm to the child if probation was granted. (2005 § 1203.066, subds. (a)(7), (c).)

Defendant contends that the trial court violated the ex post facto clauses of the state and federal Constitutions when imposing defendant's sentence, because the trial court applied the post-September 20, 2006 sentencing laws in which defendant was not eligible for probation. (Cal. Const., art. I, § 9; U.S. Const., art. I, § 10, cl. 1.)

We note that defendant did not forfeit his ex post facto claim by failing to raise it at sentencing. (See *People v. Hiscox* (2006) 136 Cal.App.4th 253, 258-259 [Noting that an "ex post facto violation resulting in an unauthorized sentence may be raised on appeal even if the defendant failed to object below."].)

We also reject the People's reliance on *People v. Scott* (1994) 9 Cal.4th 331 and *People v. DeSoto* (1997) 54 Cal.App.4th 1 to support their assertion that defendant forfeited his claim by failing to raise it in the trial court. *People v. Scott*, *supra*, 9 Cal.4th 331 merely states that "complaints about the manner in which the trial court *exercises its sentencing discretion* and articulates its supporting reasons cannot be raised for the first time on appeal." (*Id*. at p. 356, italics added; see also *People v. DeSoto*, *supra*, 54 Cal.App.4th at p. 4.) Defendant does not complain about the manner in which the court

actually exercised its discretion, but rather claims the court did not exercise that discretion. Relief is warranted on direct appeal, however, only when the court's misunderstanding of its discretion is affirmatively reflected in the record. (See *People v. Fuhrman* (1997) 16 Cal.4th 930, 945.) Here the record affirmatively shows, as defendant notes, the court did not exercise its discretion under the former 2005 version of section 1203.066 and consider probation.

Here, the probation officer noted that, "[p]ursuant to the provisions of Penal Code Sections 1203.066[, subdivision] (a)(7) and 667.61[, subdivision] (h)[,] a grant of probation is prohibited for any reason, in that the defendant has been convicted of committing a violation of Penal Code Section 288 against more than one victim." Defendant's sentencing memorandum stated that defendant "has been convicted of charges that mandate a term of 15 years to life in state prison. However, based on his lack of criminal history[] and his complete co-operation with law enforcement[,] the court should use its discretion and run all counts concurrently." Defendant's sentencing memorandum also clearly pointed out that defendant was "ineligible for probation." At the sentencing hearing, neither the court nor the parties disputed the assertion that defendant was not eligible for probation. Rather, the parties all agreed the court was required to impose sentences of 15 years to life for each count under section 667.61, subdivision (b), and the only dispute was whether those counts should run concurrently or consecutively.

Moreover, when the trial court discussed defendant's sentence it said, "[section] 667.61, as pointed out by the probation officer, does apply. Specifically, it's

7

[subdivision] (b), which is the 15 to life provision. And that applies because under [section] 667.61[, subdivision] (c)(8), lists the [section] 288[, subdivision] (a) as the qualifying offense. [¶] . . . [¶] You look to see if there's a qualifying enhancement under [subdivision] (d) or (e). In this case, we have [subdivision] (e)(4) . . . defendant had been convicted in the present case of committing an offense specified in subdivision (c) against more than one victim. [¶] So that clearly points out that it is a 15 year to life offense. I don't have to get into determinate sentencing under [section] 1170, which is what you typically do." The court thereafter asked the parties, "So clear on that? Both sides agree with that part?" Both the prosecutor and defense counsel replied in the affirmative. The trial court subsequently discussed in length its discretion to impose concurrent or consecutive sentences on each of the counts, finding it appropriate, after analyzing the circumstances in aggravation and mitigation, to impose two consecutive 15-year-to-life terms for each of the victims, and the remaining counts concurrent.

The record here affirmatively shows that the trial court believed defendant was statutorily ineligible for probation, which would mean the court applied the most recent version of the law, and misunderstood the scope of its sentencing discretion at least as to the five counts alleged to have occurred in 2005. Although prior to immediately imposing the sentence the court in passing stated, "[s]o at this time probation will be denied," the record overwhelmingly supports defendant's position that the trial court believed it had no discretion to consider probation under the 2005 version of section 1203.066, subdivision (c). We nevertheless conclude that the error was harmless.

8

Although remand for proper exercise of a trial court's discretion often is the appropriate remedy when that court misunderstood the existence or scope of its discretion (see, e.g., *People v. Rodriguez* (1998) 17 Cal.4th 253, 257, superseded by statute on another ground as noted in *People v. James* (2001) 91 Cal.App.4th 1147, 1149; *People v. Sherrick* (1993) 19 Cal.App.4th 657, 661), in the circumstances of this case defendant cannot carry his burden to show the factors set forth in the 2005 version of section 1203.066, subdivision (c), could be satisfied, and therefore it would be an abuse of discretion for the trial court on remand to grant him probation. (*People v. Bruce G.* (2002) 97 Cal.App.4th 1233, 1248 ["a remand for resentencing would be an idle act if it would be an abuse of discretion to grant probation in this case"]; cf. *People v. DeGuzman* (1996) 49 Cal.App.4th 1049, 1055 ["Whether the trial court believed it had discretion to strike the alleged prior felony convictions or not, appellant has suffered no prejudice since it would have been a manifest abuse of that discretion to exercise it on this record."].)

While defendant can show that he lived in the victims' household during the time the offenses were committed and that he was related to the victims (2005 § 1203.066, subd. (c)(1)), defendant cannot show that a grant of probation was in the victims' best interest (2005 § 1203.066, subd. (c)(2)). There is also no evidence or argument presented that defendant is amenable to undergoing treatment or that he would be placed in a recognized treatment program designed to deal with child molestation. (2005 § 1203.066, subd. (c)(3).)

The general presumption against a grant of probation in these types of cases may be overcome and probation granted if the trial court makes all five findings under the 2005 version of section 1203.066, subdivision (c). Here, based on the trial court's comments at the sentencing hearing and lack of any factors identified in the 2005 version of section 1203.066, subdivision (c), especially the best interest of the child, defendant cannot show the court would have imposed probation had it known its discretionary choice. Indeed, the trial court did not even believe a minimum of 15 years to life was warranted in this case. The court stated, "I don't think the minimum of 15 years to life . . . captures what went on here. I think [] [defendant] has to understand although he may be remorseful and may feel like he just threw his life away, to violate these little girls the way he did is extremely serious. Extremely serious. And, you know, it's not anything that you can easily take back. They'll live with this for the rest of their lives." The court also explained, "what I think is fair and warranted under the law and the Rules of Court, because I have read them and considered them, would be to impose 15 to life for each victim, which would be 30." The court further noted, "I do think the victims are entitled to separate and distinct sentencing for what they were put through and because of the time and the length and the frequency for which they were offended by the defendant, and that they were separate and distinct from one another over what I would consider to be a substantial length of time. It seems to miss the whole point of imposing just one 15 to life. I think all of those things would warrant a sentence of two counts, one for each victim, to go 15 to life consecutive to one another for a total of 30."

10

There is no evidence on this record to show that defendant was entitled to a grant of probation under the 2005 version of section 1203.066, subdivision (c). (See *People v. Lammey* (1989) 216 Cal.App.3d 92, 98 ["Here, appellant presented no evidence regarding whether the child's best interest required that he not be imprisoned . . . . Thus appellant failed to carry his burden of persuading the court to grant probation."].) Alternatively stated, because there was no evidence under the circumstances of this case on which the trial court could have found a grant of probation to defendant would have been in the child victims' best interest, the trial court did not prejudicially err by denying him probation. Therefore, any misunderstanding the trial court had regarding the scope of its discretion under the 2005 version of section 1203.066, subdivision (c), was harmless, and remand for resentencing is unwarranted because a grant of probation based on the record would be an abuse of discretion. (*People v. Bruce G.*, *supra*, 97 Cal.App.4th at p. 1248; *People v. DeGuzman*, *supra*, 49 Cal.App.4th at p. 1055; cf. *People v. Lammey*, *supra*, 216 Cal.App.3d at p. 98 [applying harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*)]; *People v. Gutierrez* (1987) 195 Cal.App.3d 881, 884-885 [Resentencing not required despite trial court's error regarding interpretation of section 1203.066, subdivision (c)(1), because, applying *Watson*, it was not reasonably probable the court would have found defendant eligible for probation had the error not occurred.].)

In his supplemental letter brief, defendant argues that "[r]emand would not be futile because, had the trial court exercised its discretion and found [defendant] *qualified* for probation, it would then have had the discretion to either grant probation or impose a

*determinate* sentence." However, as already discussed, the trial court could not have granted probation based on this record. "[A] defendant has the burden to present evidence showing that he is entitled to consideration for probation under subdivision (c) of section 1203.066." (*People v. Groomes* (1993) 14 Cal.App.4th 84, 89; accord, *People v. Lammey*, *supra*, 216 Cal.App.3d 92, 98.) Testimony indicated that defendant was the victims' cousin, satisfying subdivision (c)(1) of the 2005 version of section 1203.066. However, the record does not present evidence as to the other requirements. Because defendant did not satisfy this burden of proof under the 2005 version of section 1203.066, subdivision (c), the trial court's sentence was not in error. (*People v. Lammey*, *supra*, at p. 98 ["the judgment should be affirmed on appeal due to appellant's failure to present any evidence regarding his eligibility for probation under subdivision (c)"].)

Recognizing that a defendant has the burden to present evidence to show eligibility for probation under the 2005 version of section 1203.066, subdivision (c), in his supplemental letter brief, defendant also asserts that his trial counsel was ineffective for misunderstanding that he was statutorily ineligible for probation and thereby failing to present evidence to show he qualified for probation. Nonetheless, even if evidence were presented on this issue, defendant could not have satisfied all of the criteria listed in the 2005 version of section 1203.066, subdivision (c)(2). The 2005 version of section 1203.066, subdivision (c)(2) notes one of the factors that must be present for a court to grant probation: when "[a] grant of probation to the defendant is in the best interest of the child." Jane Doe 1 was 17 and pregnant, at the time of the trial; and three months

12

short of being 18, at the time of sentencing.[7]  When the victim is no longer a child at the time of sentencing, the sentencing court cannot logically make a determination that probation would be "in the best interest of the child."  (2005 § 1203.066, subd. (c)(2); see also *People v. Wills* (2008) 160 Cal.App.4th 728, 740 ["We thus conclude the plain language of former section 1203.066[, subd.] (c)(2)[,] evinces the Legislature's intent that a sentencing court shall have no authority, and thus no legal discretion, to grant probation to a defendant . . . in a case in which the molestation victim is no longer a child at time of sentencing."].)

In *People v. Wills*, *supra*, 160 Cal.App.4th 728, the court explained that "[t]he use of the present tense verb 'is' in [2005 version of section 1203.066, subdivision (c)] . . . indicates a plain and clear legislative intent that the sentencing court must evaluate the circumstances existing at the time of sentencing in determining whether a grant of probation would be in the 'best interest' of the 'child' victim.  Had the Legislature intended that such a determination be based on circumstances that existed at the time the defendant molested the victim, it easily could have so provided."  (*People v. Wills*, at p. 737.)  "Logically, where, as here, the victim is no longer a child at time of sentencing, the sentencing court is unable to make a finding . . . that '[a] grant of probation . . . is in the best interest of the child' for the simple reason that there is no child.  In such a case, the sentencing court is unable to make 'all' of the findings

---

[7]  Jane Doe 2 was 14 at the time of trial; however, the 2005 version of section 1203.066 did not apply as to Jane Doe 2 because the offenses were alleged to have been committed against Jane Doe 2 in or about December 2007.

specified in former subdivision (c) of section 1203.066, as required by that subdivision, and thus is not authorized to grant probation" to a defendant found presumptively ineligible for probation under subdivision (a) of that section. (*People v. Wills*, at pp. 737-738.)

Because Jane Doe 1 was not a child when defendant was sentenced, the trial court had no authority and therefore no legal discretion to grant him probation under the law in effect when he committed his crimes against Jane Doe 1. (*People v. Wills*, *supra*, 160 Cal.App.4th at p. 737.) Accordingly, trial counsel was not ineffective for failing to present evidence to show his eligibility for probation under the 2005 version of section 1203.066, subdivision (c).

"In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.]" (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.) However, we may reject a defendant's ineffective assistance of counsel claim without considering defense counsel's performance if the defendant fails to show prejudice. (*People v. Mendoza* (2000) 24 Cal.4th 130, 164.)

Here, as discussed above, the trial court had no authority and thereby no legal discretion to grant defendant probation under the 2005 version of section 1203.066, subdivision (c). Further, the court's comments indicate that because of the seriousness of defendant's offenses it would not have granted him probation even if it were required to

14

make any findings in order to do so.  In view of this, we find that it is not reasonably probable that the court would have granted defendant probation even if his trial counsel had understood he was statutorily eligible for probation or presented evidence to show he qualified for probation or argued for a grant of probation.  Thus, we reject defendant's ineffective assistance of counsel claim because defendant has not shown how he was prejudiced by his defense counsel's conduct.

The trial court here read the probation report, the sentencing memorandum filed by defendant, the statements of defendant and his family, and heard the testimony at trial. The above evidence, as well as the argument of the prosecutor and defense counsel, combined with the mitigating and aggravating factors, was sufficient to support the trial court's denial of probation.

It follows that defendant's sentence did not violate ex post facto principles.  When defendant committed his crimes, he was subject to the One Strike Law "unless [he] qualifie[d] for probation under subdivision (c) of Section 1203.066."  (2006 § 667.61, subd. (c)(7).)  The record affirmatively establishes that he could not meet the requirements for probation or that defendant was entitled to a grant of probation under the 2005 version of section 1203.066, subdivision (c).  The One Strike Law in effect at the time of his crimes mandated a term of 15 years to life for each of his crimes against Jane Doe 1.  (2006 § 667.61, subds. (b), (e)(5).)  Thus, his sentence did not subject him to greater punishment than the law at the time of his crimes allowed.  Our conclusion is the same even if we assume that the trial court improperly sentenced defendant under the current rather than the applicable version of the One Strike Law.  As applicable here,

15

both versions mandated the same sentence.  Thus, to the extent any sentencing error

occurred, it was harmless under any standard of review.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ            <br>P. J.

We concur:


HOLLENHORST         <br>            J.


McKINSTER          <br>            J.

16