Filed 7/27/16  P. v. Ochoa CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL A. OCHOA,<br><br>    Defendant and Appellant. | 2d Crim. No. B266004<br>(Super. Ct. No. BA408410)<br>(Los Angeles County) |

Miguel A. Ochoa appeals his conviction by jury of lewd conduct on a child under the age of 14.  (Pen. Code, § 288, subd. (a).)[1]  Appellant contends that the trial court abused its discretion in denying probation and sentencing him to six years state prison.  We affirm.

In 2013, M.C. (age 13) told her mother that appellant touched and kissed her and had sexual intercourse with her two years earlier.  The mother was appellant's girlfriend and appellant was still living with the family.  After the police were called, appellant told a deputy sheriff that M.C. flirted with him and that he had intercourse with her.  Appellant said that he digitally penetrated, orally copulated, and inserted his penis in M.C.'s vagina on another occasion.

The jury found appellant guilty of one count of lewd conduct (count 2;

---

[1]   All statutory references are to the Penal Code unless otherwise stated.

§ 288, subd. (a)) but acquitted on a second count of lewd conduct (count 5; § 288, subd. (a)(1)) and three counts of forcible lewd conduct (counts 1 & 3;§ 288, subd. (b)(1)).

*Discussion*

Appellant argues that the trial court abused is discretion in not granting probation.  Probation is an act of leniency, not a matter of right.  (*People v. Walmsley* (1985) 168 Cal.App.3d 636, 638.)  "A defendant who is denied probation bears a heavy burden to show the trial court has abused its discretion.  [Citations.]  Furthermore, 'a denial of probation after consideration of the application on its merits is almost invariably upheld.  [Citations.]' [Citation.]"  (*People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)

The trial court denied probation because the victim was 11 to 12 years old and appellant abused a position of trust.  It found that "one time on an 11-to-12-year-old girl is one time too many" and "I don't think that's a probationary sentence."

Appellant contends that the trial court erred in assuming that the conviction rendered him statutorily ineligible for probation.  Although Section 1203.066, subdivision (a) permits a grant of probation for a non-forcible lewd conduct conviction, state prison is the sentencing norm.  (*People v. McLaughlin* (1988) 203 Cal.App.3d 1037, 1039.)  "[T]he defendant bear[s] the burden of persuading the court to depart from that norm by granting probation."  (*Ibid.*)  Here the trial court considered all the factors in aggravation and mitigation and found the victim was particularly vulnerable and that appellant took advantage of a position of trust.  It noted that the victim and victim's mother suffer from "educational and intellectual deficits that I sincerely hope will get addressed."

Appellant asserts that he is a suitable candidate for probation because a STATIC-99 report scored him as a low risk for reoffending and a psychiatrist reported that appellant suffered from no mental disorders or abnormal sexual proclivities.  Appellant was gainfully employed and had no felony record but did have prior convictions for driving without a license and vandalism.  All of that was considered by the trial court.

The record shows that appellant assumed the role of stepfather and took advantage of the family's love and trust. Appellant sexually assaulted M.C. in the middle of the night while the rest of the family was asleep. When appellant was caught two years later and "kicked out" of the house, he showed no remorse and tried to justify his actions by saying that the victim was sexually interested in him. The probation report stated that the victim suffered emotional trauma and that appellant was "a serious danger to the victim and minor females in the community." It recommended an eight-year, high term prison sentence.

The trial court denied probation and sentenced appellant to a six-year midterm, finding that the factors in aggravation and mitigation are "pretty much evenly split." Distilled to its essence, appellant argues that the trial court should have weighed the sentencing criteria differently and placed greater emphasis on the mitigating evidence offered in support of his request for probation. Appellant, however, presented no evidence that a grant of probation was in the victim's best interest or that the trial court should depart from the norm of a state prison sentence. (*People v. Lammey* (1989) 216 Cal.App.3d 92, 98; *People v. McLaughlin, supra*, 203 Cal.App.3d at p. 1039.) Simply put, appellant asks us to do exactly what the California Supreme Court has said we may not do - reweigh the sentencing factors. (*People v. Scott* (1994) 9 Cal.4th 331, 355; *People v. Jordan* (1986) 42 Cal.3d 308, 317.) With regard to discretionary sentencing decisions, "[t]he reviewing court cannot substitute its reasons for those omitted or misapplied by the trial court, nor can it reweigh valid factors bearing on the decision below. [Citations.]" (*People v. Scott, supra*, 9 Cal.4th. at p. 355.*)*

Each of the sentencing factors cited by appellant was squarely before the trial court which presided over the trial. It possessed a unique insight into probation suitability. Appellant makes no showing that the sentence is irrational or arbitrary, or that the trial court abused its discretion in denying probation.

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P.J.

We concur:


PERREN, J.


TANGEMAN, J.

Frederick N. Wapner, Judge

Superior Court County of Los Angeles

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.