[Crim. No. 3795. Fifth Dist. Dec. 12, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL TURNER, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, Mark L. Christiansen and Gayle Guynup, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi, Anthony L. Dicce and John A. Gordnier, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (G. A.), P. J.—Appellant was convicted upon his guilty plea of unlawful sexual intercourse (Pen. Code, § 261, subd. 5). He also admitted a probation violation in another case. Appellant was sentenced to state prison for the upper term of three years in the instant case. On the probation violation, he was sentenced to prison for the term prescribed by law, the sentence to run concurrently with that in the instant case.

██ Appellant's sole contention is that the trial court's failure to state facts and reasons for the imposition of the upper term necessitates resentencing. Respondent contends that where the trial court states that it has read the probation report and where the report recommends the upper term, based on specific articulated factors listed in rule 421, California Rules of Court, no error occurs.

Penal Code section 1170, subdivision (b), provides in pertinent part: "(b) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation

of the crime. . . . In determining whether there are circumstances that justify imposition of the upper or lower term, the court may consider the record in the case, the probation officer's report, other reports including reports received pursuant to Section 1203.03 and statements in aggravation or mitigation submitted by the prosecution or the defendant, and any further evidence introduced at the sentencing hearing. The court shall set forth on the record the facts and reasons for imposing the upper or lower term."

Penal Code section 1170, subdivision (a), provides in pertinent part: "In sentencing the convicted person, the court *shall* apply the sentencing rules of the Judicial Council." (Italics added.) Penal Code section 1170.3 provides:

"The Judicial Council shall seek to promote uniformity in sentencing under Section 1170, by the adoption of rules providing criteria for the consideration of the trial judge at the time of sentencing regarding the court's decision to:

"(a) Grant or deny probation.

"(b) Impose the lower or upper prison term.

"(c) Impose concurrent or consecutive sentences.

"(d) Consider an additional sentence for prior prison terms.

"(e) Impose an additional sentence for being armed with a deadly weapon, using a firearm, an excessive taking or damage, or the infliction of great bodily injury."

California Rules of Court, rule 439(c) states: "(c) The facts and reasons for selecting the upper or lower term shall be stated orally on the record, and shall include a concise statement of the ultimate facts which the court deemed to constitute circumstances in aggravation or mitigation justifying the term selected."

California Rules of Court, rule 443 states: "Whenever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, when applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record."

<sup>+</sup> The advisory committee comment to rule 443 provides in pertinent part: "The oral statement of reasons should be complete in itself, and should not refer to a motion or a written document for clarification." (23 West's Ann. Court Rules (1978 pocket supp.) p. 45.)

Respondent's assertion is, in effect, that the trial court may incorporate the probation officer's report by reference and thus satisfy the requirement of a statement of facts and reasons. This argument totally ignores the obvious meaning of Penal Code section 1170, subdivision (b), which requires that the *court* set forth *on the record* the facts and reasons for imposing other than the middle term. An incorporation by reference is not a statement of facts and/or reasons by the court and is obviously not on the record. If any doubt existed, rule 443 and the comment thereto refute this argument. As appellant states, "A statement of the factors utilized by a judge in imposing the upper term is necessary for meaningful appellate . . . review." The procedure utilized here violates both the letter and spirit of the statute and the court rules.

The judgment is reversed for the limited purpose of resentencing. In all other respects the judgment is affirmed.

Franson, J., and Hopper, J., concurred.