[Crim. No. 10011. Third Dist. July 20, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE J. ARCEO, Defendant and Appellant.

118

---

**Counsel**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Ezra Hendon, Richard L. Phillips, George A. Lagomarsino, Deputy State Public Defenders, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney

General, Willard F. Jones and Edmund D. McMurray, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PARAS, J.**—Defendant appeals from a judgment (commitment to state prison) entered after a jury found him guilty of grand theft of an automobile (Pen. Code, § 487, subd. 3).

I

Defendant's first contention is that there is insufficient evidence to support the conviction since there are no facts in the record ". . . to allow an inference . . . that appellant was the one who on January 16, 1978, took possession of Saragoza's car at Red's bar and unlawfully drove it away. . . ."

■ It is a well-established rule that the test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact. The court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Williams* (1971) 5 Cal.3d 211, 214 [95 Cal.Rptr. 530, 485 P.2d 1146].) ■ Furthermore, the "[p]ossession of recently stolen property is so incriminating that only slight additional evidence is necessary to sustain a conviction [of grand theft]. [Citation.] Evidence of a false explanation as to how the property came into defendant's possession will suffice to sustain a conviction for its theft. [Citations.]" (*People* v. *Malamut* (1971) 16 Cal.App.3d 237, 241 [93 Cal.Rptr. 782].)

■ The record discloses defendant both had possession of the recently stolen automobile (a Pinto) and offered conflicting explanations as to how it was obtained. The Pinto was stolen from the parking lot of Red's Club sometime between the evening of January 16, 1978, and the evening of January 17, 1978. Defendant and his two cousins dismantled it in a garage at the residence of his friend Cynthia Speers; Speers told this to police officers. Speers' next door neighbor, Cheryl Brixley, told officers she had seen the yellow Pinto in Speers' garage approximately a week or 10 days prior to January 23. This would place it in Speers' garage at about the time of the theft. She also stated the Pinto was covered with a white "quilt type cover" or "moving van cover."

After being told by police the Pinto had been stolen, and after agreeing to discuss the matter with them, defendant stated the Pinto belonged to his cousin Guillermo (Nemo) Barajas and had been in the garage for about three or four days. He said the car had been given to Barajas by a friend who said it was no good and Barajas could have any parts he wanted. When questioned about Barajas, however, defendant's replies were evasive. During the interview Barajas and defendant's brother George drove up in a truck containing an acetylne cutting unit and the steering column and wheel of the stolen Pinto, defendant claimed he had no idea who Barajas was and had never seen him before.

When defendant's brother and Barajas were later arrested, defendant altered his story and told the officers he had lied, the Pinto was his, and he had cut it up by himself. This, in itself, was in conflict with Cynthia's statement to the officers that defendant and his two cousins had cut up the Pinto and with the fact his cousin and brother both had dirty, greasy hands or arms and a cutting unit in their truck. Defendant further told the officers that he had gotten the Pinto from a vaguely described Mexican person named John. While he was at Red's Club, John asked him if he wanted a car; he first declined the offer but later accepted; they drove to "the islands" where the Pinto was located; he drove it to Speer's garage; and then returned to Red's Club with John.[1] John asked nothing in return for the vehicle.

The trier of fact was not required to believe defendant's testimony. (See *People* v. *Wise* (1962) 199 Cal.App.2d 57, 60 [18 Cal.Rptr. 343].) Defendant's possession of the recently stolen Pinto, along with his conflicting explanations of how the car was obtained, is sufficient to support the conviction of grand theft. (*Ibid.*)

## II

■ Defendant's second contention is that the case must be remanded for resentencing since the trial court failed to state the reasons for its sentencing choice on the record in compliance with Penal Code section 1170, subdivision (c).

---

[1] While defendant admitted he had a feeling the car was stolen, he also admitted he had never asked John who abandoned it, or how John had gotten the key, had never called the police, the highway patrol, or the Department of Motor Vehicles even though the car had a license plate, and had never made any attempt to find out who owned it.

The pertinent part of Penal Code section 1170, subdivision (c), states, "The court shall state the reasons for its sentence choice on the record at the time of sentencing. . . ."

" 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence" (Cal. Rules of Court, rule 405(f)).

"Selection of the middle term does not relieve the court of its obligation under [Pen. Code] section 1170(c) to state the reasons *for imprisonment* as its sentence choice." (Italics added.) (Cal. Rules of Court, rule 439(d)).

At sentencing, the trial court stated it felt the probation officer had "done an outstanding job here, an extremely thorough job." The court then stated: "Let the record reflect that the Court has read and considered the probation officer's report and there being no legal cause why sentence should not now be pronounced, it will be the judgment and sentence of the Court that for a violation of Section 487.3 of the Penal Code of the State of California, grand theft, a felony, that the defendant be punished by imprisonment in the state prison for the median term of two years."

It is clear from the statutes and rules that once the sentencing court has rejected probation it need not state reasons for imposing the middle term of imprisonment as distinguished from the upper or lower term. Penal Code section 1170, subdivision (b), so indicates by requiring "reasons for imposing the upper or lower term." Rule 439(d) so confirms by limiting the court's obligation to state reasons to "reasons for imprisonment." (See *People* v. *Turner* (1978) 87 Cal.App.3d 244, 247 [150 Cal.Rptr. 807].) On the other hand section 1170, subdivision (c), imposes upon the court the duty of stating reasons for its "sentence choice," which as is made plain by rule 405(f) juxtaposes a prison sentence with a probationary sentence (or other disposition more favorable yet to the criminal). Thus the court must state reasons for granting or denying probation, but once it denies probation it need only state further reasons if it does not impose the middle term.

The trial court did not state reasons for the prison sentence. Its reference to the probation report was insufficient. (See Advisory Com.

com. to rule 443, 23 West's Annot. Court Rules (1978 pocket supp.) p. 45.) The second contention of defendant thus is well taken.

The judgment is affirmed. The case is remanded to the trial court with directions to resentence defendant in accordance herewith.

Regan, Acting P. J., and Kleaver, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.