[Crim. No. 11406. Fourth Dist., Div. One. June 23, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
KEITH L. BUTLER, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, Carolyn Sutton and Victoria Sleeth for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley D. Mayfield and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COLOGNE, Acting P. J.**—Keith L. Butler appeals his judgment of conviction of assault with a deadly weapon (Pen. Code, § 245, subd. (a))[1]

---

[1]All statutory references are to the Penal Code unless otherwise designated.

and the finding he used a firearm within the meaning of Penal Code section 12022.5. The only issues raised deal with a sentencing procedure which results in the imposition of the four-year upper term enhanced by two years authorized under section 12022.5.

Butler purchased two or three tapes from Sam's Sounds and Styles music store in San Diego on September 9, 1978. That evening David Gaston was one of the clerks on duty. The purchase price of the tapes was $12.19. Butler asked Gaston to "let me ride with the 19 cents." Gaston said he could not and Butler angrily left, asserting that he would go get the 19 cents. Butler returned, slammed a quarter in Gaston's chest and began to swing at him. After being hit in the face, Gaston pulled a pistol from under the counter and pointed it at Butler, whereupon Butler left.

Gaston went to the door with the gun still in his hand to see which way Butler went. He saw Butler pull a rifle from his car and start shooting. Gaston made no attempt to fire back, but ran to the side of the building. He was hit by bullets in the back and the leg by Butler.

This was the third time Butler had been involved in some kind of fracas at Sam's Sounds and Styles in as many days. Butler attempted in the trial to establish an alibi.

■ Butler argues he was improperly sentenced because the court did not state the reasons why probation was denied.

In 1976, before enactment of the determinate sentencing law (§ 1170 et seq.), the Supreme Court was of the view that a statement of the judge's reasons for denying recommended probation is a preferred practice, but is neither constitutionally compelled nor otherwise imposed on the court (*People* v. *Edwards* (1976) 18 Cal.3d 796, 799 [135 Cal.Rptr. 411, 557 P.2d 995]). After *Edwards*, the Legislature enacted section 1170, subdivision (c), which reads: "The court shall state the reasons for its sentence choice on the record at the time of sentencing."

There is no indication in the statutory language the Legislature believed denial of probation was a sentence choice requiring any more formality than under previous law. In fact, the statutory scheme leads to the opposite conclusion. Section 1170, subdivision (f), draws a dis-

tinction between *denial* of probation and "sentencing decision."[2] We can see no distinction between a sentence choice and a sentencing decision. California Rules of Court, rule 405(f)[3] makes it abundantly clear the *granting* of probation is a sentence choice but makes no reference to the *denial* of probation as being such.

We view the "sentence choice" as being dispositional in nature and the reasons must be given for the ultimate choice selected by the court. It makes no more sense to require the court to state its reasons denying probation when the ultimate disposition is the upper term for which the court properly states its reasons than it would to require it to state why it is "denying" the selection of the lower term when the ultimate disposition is the upper term[4] and its reasons therefor are properly stated.

---

[2]Section 1170, subdivision (f), states: "(f) In all cases the Community Release Board shall, not later than one year after the commencement of the term of imprisonment, review the sentence and shall by motion recommend that the court recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not been previously sentenced if the board determines the sentence is disparate. *The review under this section shall concern the decision to deny probation and the sentencing decisions enumerated in subdivisions (b), (c), (d), and (e) of Section 1170.3* and apply the sentencing rules of the Judicial Council and the information regarding the sentences in this state of other persons convicted of similar crimes so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Italics added.)

Subdivisions (b), (c), (d) and (e) of section 1170.3 refer to time of incarceration imposed by reason of upper or lower terms, consecutive or concurrent sentence, prior convictions and use of deadly weapon or great bodily harm.

[3]California Rules of Court, rule 405(f), states: "(f) 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence."

[4]In *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], the court held where there is a denial of probation followed by imposition of the *middle* term in prison, the trial court must state reasons for denying probation. The court cited section 1170, subdivision (c) (quoted above), rule 405(f) (see fn. 3 above), and rule 439(d) which reads: "Selection of the middle term does not relieve the court of its obligation under [Pen. Code] section 1170(c) to state the reasons *for imprisonment* as its sentence choice." (Italics added.)

The court said: "It is clear from the statutes and rules that once the sentencing court has rejected probation it need not state reasons for imposing the middle term of imprisonment as distinguished from the upper or lower term. Penal Code section 1170, subdivision (b), so indicates by requiring 'reasons for imposing the upper or lower term.' Rule 439(a) so confirms by limiting the court's obligation to state reasons to 'reasons for imprisonment.' (See *People* v. *Turner* (1978) 87 Cal.App.3d 244, 247....) On the other hand section 1170, subdivision (c), imposes upon the court the duty of stating reasons for its 'sentence choice,' which as is made plain by rule 405(f) juxtaposes a prison sentence with a probationary sentence (or other disposition more

Here the court provided adequate reasons for selecting the upper term based on aggravated circumstances. These were enumerated in the record and are explicit. The reasons given included: Butler's record indicates he has engaged in a pattern of violent conduct which indicates he is a serious threat to society; his prior convictions as an adult and as a juvenile are numerous and increasing in seriousness; and he was on probation at the time of the incident, his performance on probation unsatisfactory.

█ Butler also contends the court did not adequately and clearly state its reasons for imposing the upper state prison term. In support of this contention, Butler cites *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807]. In *Turner*, the court held incorporation of the probation report was not an adequate substitute for the statement of reasons required when a prison term other than the middle term is selected (see § 1170, subd. (b), and Cal. Rules of Court, rule 439(c)).

The case at bar, however, is different from *Turner* in two respects. First, the judge here did state the reasons for his sentence choice. He said: "I think that this defendant is here on a situation where he might well have killed somebody. I have no doubt that when he was shooting at the victim, he was not trying to do any minor harm so far as that shooting is concerned." This statement speaks of the threat of great bodily harm and relates to rule 421(a)(1) of California Rules of Court.[5] A similar type of statement relating to rule 421(b)(4) (on parole when crime committed) was held to be sufficient in *People* v. *Pinon* (1979) 96 Cal.App.3d 904 at page 910 [158 Cal.Rptr. 425]. The *Pinon* case thus recognizes substantial compliance with California Rules of Court in the sentencing procedure is acceptable. We agree.

---

favorable yet to the criminal). Thus the court must state reasons for granting or denying probation, but once it denies probation it need only state further reasons if it does not impose the middle term. [¶] The trial court did not state reasons for the prison sentence. Its reference to the probation report was insufficient...." (*People* v. *Arceo, supra*, 95 Cal.App.3d 117, 121.)

In light of the middle rather than upper term sentencing involved in the *Arceo* case and the provisions of rule 439(d) applicable to that but not this case, *Arceo* is distinguishable and does not serve as authority for a requirement reasons be stated every time probation is denied and a prison term is imposed.

[5]"Circumstances in aggravation include: (a) Facts relating to the crime, including the fact that:

"(1) The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness, whether or not charged or chargeable as an enhancement under section 12022.7...."

The second reason the present case is different from *Turner* is in *Turner* the judge merely referred to the probation report and incorporated by reference the reasons stated therein for imposition of the upper term sentence. In the present case, after the district attorney stated the reasons for the probation officer's recommendation of upper term on the record, the judge then stated each of the given reasons was made out and found. It is not contended the reasons so stated are insufficient to support the upper term sentence. The only argument seems to be the judge has not complied with rule 439(c), California Rules of Court, because he did not state the reasons himself.[6]

To construe rule 439(c) so narrowly serves no useful purpose. Making a complete *record* of the reasons for a particular sentence promotes uniformity of sentences, which is the very foundation of the determinate sentencing law (§ 1170, subd. (a)(1)). In the case at bar, the record does state reasons for the sentence choice. Requiring the judge to state them personally is not essential where his reasons are set out precisely on the record.

We find, therefore, the reason given by the judge is sufficiently stated, and the judge's finding of reasons stated by the district attorney for imposing the upper term was sufficient to comply with California Rules of Court and the Penal Code.

The judgment is affirmed in all respects.

Staniforth, J., and Wiener, J., concurred.

---

[6]California Rules of Court, rule 439(c), reads: "(c) The facts and reasons for selecting the upper or lower term shall be stated orally on the record, and shall include a concise statement of the ultimate facts which the court deemed to constitute circumstances in aggravation or mitigation justifying the term selected."