[Crim. No. 12905. Third Dist. May 7, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE LANGEVIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

COUNSEL

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, Louis N. Hiken and Mark L. Christiansen, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Joel Carey and Ben Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—Pursuant to a plea bargain, defendant pled guilty to voluntary manslaughter (Pen. Code, § 192, subd. 1) and admitted firearm use (Pen. Code, § 12022.5). The court sentenced defendant to state prison for the middle term of four years, plus two years consecutive for the use enhancement. Defendant was credited with 246 days presentence time served in county jail (Pen. Code, § 2900.5) and with 123 days good behavior and participation credits (Pen. Code, § 4019).

On appeal, defendant contends the sentencing court (1) did not state adequate reasons for denying probation, (2) did not consider the sentencing alternatives offered by former Penal Code section 1170.8 (now § 1170.9), and (3) did not credit him with Penal Code section 2933 worktime allegedly accrued during presentence confinement in county jail. The first contention is treated in the published part (pt. I) and the last two contentions are addressed in the unpublished part (pts. II and III) of this opinion. (Cal. Rules of Court, rule 976.1.) We shall affirm.

I.

The probation report recommended probation. Although firearm use ordinarily requires a prison term, the report presented circumstances in mitigation, including defendant's military service in Vietnam, upon which the court, if so inclined, might base a finding that defendant's case was an unusual one "where the interests of justice would best be served" by a grant of probation (see Pen. Code, § 1203, subd. (e)(2)). After reading and considering the probation report and hearing other evidence in mitigation, the court denied probation with this statement: "There were a great number who served courageously in Vietnam, and the record seems clear that [defendant] was one of those. [¶] We have here a man being killed in Butte County and under the laws of this State, the Court feels we must look at

the matter in perspective. And I recognize that there are going to be sharp differences of opinion of what's the true perspective. I think society has a right to expect those who go through extremely stressful experiences, such as Vietnam, nevertheless when they return to society, must [comport] with the rules of society. And killing a man under the circumstances of this case is not in accordance with the rules of society."

■ Relying primarily on *People* v. *Arceo* (1979) 95 Cal.App.3d 117 [157 Cal.Rptr. 10], defendant challenges the adequacy of the court's stated reasons for denying probation. His reliance is misplaced. In *Arceo* defendant, convicted of grand theft auto, was eligible for probation without restriction. Applying the general rule that a court must state reasons for its sentence choice (Pen. Code, § 1170, subd. (c); see also Cal. Rules of Court, rule 443; *Arceo, supra,* at p. 121), we held in *Arceo* that the court is required to explain on the record why it chooses to grant probation (see Cal. Rules of Court, rule 405(f)) or, conversely, why it selects imprisonment as its sentence choice (see Cal. Rules of Court, rule 439(d)). The general rule, however, does not apply where the statute directs that a certain sentence be imposed absent circumstances justifying an alternate disposition. In such cases, the court has no choice but to follow the legislative mandate.

Defendant used a deadly weapon in perpetrating the manslaughter of which he was convicted. In those circumstances Penal Code section 1203, subdivision (e)(2), expressly proscribes a grant of probation unless unusual circumstances militate otherwise. Defendant could have been granted probation only if the court found that "the interests of justice would best be served" thereby and specified on the record and in the minutes what those circumstances were. (Pen. Code, § 1203, subds. (e), (f).)[1] Since the court did not so find, the presumption of the statute remained unrebutted. Thus there was no occasion for the court to state what was self-evident, that mitigating factors favoring probation were perforce rejected and the court was bound to comply with the mandate of the statute.

The same principle applies in other sentencing contexts. ■ Penal Code section 1170, subdivision (b), requires imposition of the middle term unless the court finds and states on the record circumstances in aggravation or mitigation. Where the facts do not preponderate in favor either of aggra-

---

[1]Penal Code section 1203 provides in relevant part: "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: . . .

"(2) Any person who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted. . . .

"(f) When probation is granted in a case which comes within the provisions of subdivision (e), the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by such a disposition. . . ."

vation or mitigation, no reasons are necessary to support what the law mandates in such cases—imposition of the middle term. (*People* v. *Thompson* (1982) 138 Cal.App.3d 123, 127 [187 Cal.Rptr. 612]; see also Cal. Rules of Court, rule 439; *People* v. *Lopez* (1982) 131 Cal.App.3d 565, 574 [182 Cal.Rptr. 563]; Cassou & Taugher, *Determinate Sentencing* (1978) 9 Pacific L.J. 5, 23.) The same holds true with respect to the enhancements enumerated in Penal Code section 1170.1, subdivision (h). A sentencing court may strike additional punishment for these enhancements but only if it finds and specifies on the record mitigating circumstances that so justify. (*Ibid.*; see also Cal. Rules of Court, rule 447.) If it does not, the court need not explain its rejection of the option to strike under the statute. (See also Advisory Committee com. to Cal. Rules of Court, rule 443, explaining the operation of then Pen. Code, § 1170.1, subd. (g); Cassou & Taugher, *Determinate Sentencing, supra*, Pacific L.J. at p. 23.)

■ Where the Legislature establishes a sentencing norm and requires the court explicitly to justify a departure therefrom, and the court sentences in conformity with the legislative standard, all that is required on the appellate record is a showing that the court was aware of its discretion to select an alternate disposition. (See *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686].) In the present case the court's awareness and exercise of discretion is manifest. The probation report recommended and defense counsel urged the court to find defendant's case an exceptional one under Penal Code section 1203, subdivision (e)(2), and the court's statement when it denied probation was responsive to the grounds urged.

II., III.*

. . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Evans, J., and Fields, J.,† concurred.

A petition for a rehearing was denied May 31, 1984, and appellant's petition for a hearing by the Supreme Court was denied July 19, 1984.

---

*See, *ante*, page 522.
†Assigned by the Chairperson of the Judicial Council.