Filed 9/20/13  P. v. Woods CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B246870 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. MA054857) |
| GERALD W. WOODS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Hayden A. Zacky, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne and Shira B. Seigle, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted Gerald Woods of one count of making a criminal threat and one count of witness intimidation. In a bench trial, the court found that Woods had suffered three prior convictions for serious or violent felonies for purposes of the "Three Strikes" law (one conviction of assault with a deadly weapon and two convictions of robbery). After denying Woods's *Romero*[1] motion to dismiss all three strike convictions, the court sentenced Woods to two consecutive terms of 25 years to life plus two consecutive five-year terms under Penal Code section 667, subdivision (a)(1).

Woods argues that the court abused its discretion in not dismissing at least two of three prior strike convictions as permitted under *Romero*, *supra,* 13 Cal.4th at page 530. Woods maintains that the court only looked at his prior felony convictions and did not take into consideration his age, the convictions' remoteness in time and that all three strikes occurred in one "at bat."

In *People v. Williams* (1998) 17 Cal.4th 148, 161, our Supreme Court explained that in ruling on a motion to dismiss prior conviction allegations under the Three Strikes law, the trial court must consider whether, in light of the nature and circumstances of the present offense, the prior felony convictions, and the particulars of the defendant's background, character, and prospects, the defendant may be deemed outside the spirit of the Three Strikes law, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious or violent felonies.

On appeal, "'[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) "Where the Legislature establishes a sentencing norm and requires the court explicitly to justify a departure therefrom, and the court sentences in conformity with the legislative standard, all that is required on the appellate record is a showing that the court was aware of its discretion to select an alternate disposition." (*People v. Langevin* (1984) 155 Cal.App.3d 520, 524.)

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)

The record in this case shows that the court was aware of its discretion and that it considered factors in addition to Woods's prior strike convictions including evidence that he was on felony probation when he committed the current crimes, that this probation was the result of the prior court's striking his strikes and that he had more than 20 disciplinary incidents while in custody for the current offenses. Although Woods's prior strike convictions occurred 20 years earlier, Woods did not lead a crime-free life in the interim. In 1994 he was convicted of inflicting corporal injury on a spouse. In 1999 he was convicted of reckless driving. In 2000 he was again convicted of inflicting corporal injury on a spouse and misdemeanor making of criminal threats. In 2011 he was convicted of grand theft, and it was while he was on probation for this felony that he committed the current crimes.

We find no abuse of discretion in not dismissing the prior strike convictions in this case.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        ROTHSCHILD, J.
We concur:


        MALLANO, P. J.


        JOHNSON, J.


3