Filed 8/30/24  P. v. Castillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HENRY JOSEPH CASTILLO,<br><br>    Defendant and Appellant. | F086505<br><br>(Super. Ct. No. 02CM0836HTA)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In 2023, decades after defendant Henry Jospeh Castillo's judgment became final, the trial court recalled his sentence and resentenced him in accordance with Penal Code section 1172.75,[1] following notice by the California Department of Corrections and Rehabilitation (CDCR) that defendant may be serving a term that includes an enhancement under section 667.5, former subdivision (b). Defendant appealed and raises three challenges related to resentencing. For the reasons set forth below, we conclude the trial court erred when it stayed the sentence for firearm possession under section 654, when it concluded the concurrent sentences originally imposed were unauthorized and imposed consecutive sentences, and when it denied defendant's *Romero*[2] motion based on his criminal history without considering other relevant factors. Therefore, we vacate the sentence and remand for resentencing consistent with the principles discussed herein.

## PROCEDURAL BACKGROUND

In 2002, defendant, then 36 years old, was convicted of being a felon in possession of a firearm (former § 12021, subd. (a)(1)),[3] and attempted criminal threats (§§ 664/422) with an enhancement for personal use of a firearm (§ 12022.5, subd. (a)). In a bifurcated proceeding, the jury found that defendant served a prior prison term (§ 667.5, former subd. (b)), and had two prior serious felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). Defendant was sentenced to two concurrent terms of 25 years to life, with additional terms of one year for the prior prison term enhancement and 10 years for the firearm enhancement.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[3] Effective January 1, 2012, section 12021, subdivision (a)(1), was repealed and recodified as section 29800, subdivision (a)(1). (Stats. 2010, ch. 711, §§ 4, 6.)

In August 2022, following the enactment of Senate Bill No. 483[4] and receipt of a notice from CDCR, the trial court issued an order informing the parties that, pursuant to section 1172.75 (former § 1171.1; *ante*, fn. 4), defendant may be serving a sentence that includes an enhancement imposed under section 667.5. The trial court appointed counsel and set a hearing.

In January 2023, appellant's counsel filed a motion seeking recall of sentence and resentencing under sections 1172.1 and 1170.126 (Three Strikes Reform Act of 2012) (Reform Act), in addition to relief under section 1172.75. In the motion, counsel requested the court strike the firearm enhancement under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) or reduce the 10-year upper term to the three-year lower term under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).[5] Although counsel did not cite Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), counsel quoted section 1385 as amended by Senate Bill 81 for the trial court's "edification." The prosecutor filed an opposition, conceding the prior prison term must be stricken, but opposing the motion to strike the firearm enhancement and for relief under the Reform Act.

---

[4]   Effective January 1, 2022, Senate Bill No. 483 added former sections 1171 and 1171.1, which provided, subject to exceptions not relevant here, that any enhancements imposed prior to January 1, 2018, pursuant to section 11370.2 of the Health and Safety Code and imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), were legally invalid. (Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).) The bill also provided a timeline for identification of individuals serving a term that included a now invalid enhancement, review and resentencing. (*Ibid.*) Effective June 30, 2022, Assembly Bill No. 200 (2021–2022 Reg. Sess.) renumbered section 1171 to section 1172.7 and section 1171.1 to section 1172.75.

[5]   In *Tirado*, the California Supreme Court held that under section 1385, trial courts have discretion to strike a greater enhancement under section 12022.53 and impose a lesser included, uncharged enhancement under the statute, if supported by facts alleged and found true. (*Tirado, supra*, 12 Cal.5th at p. 700 & fn. 12.) Recently, the court held that this discretion is not limited to imposition of a lesser included, uncharged enhancement under section 12022.53, and trial courts may impose an enhancement under another statute, if supported by facts that were alleged and found true. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1030.)

At the June 2023 resentencing hearing, defense counsel argued that defendant's entitlement to relief from the prior prison term enhancement and resentencing under section 1172.75 afforded him the opportunity to seek relief under all subsequent changes in the law. Counsel specifically sought to have the two prior strike convictions, which defendant incurred as a 17-year-old juvenile, stricken under *Romero* and to proceed under section 1170.126 of the Reform Act. The trial court concluded defendant's request for relief under the Reform Act was untimely, struck the prior prison term enhancement, denied the *Romero* motion, and declined to strike the firearm enhancement under section 1385, but reduced the 10-year upper term to the four-year middle term. The court also stayed the sentence on count I under section 654, reasoning that imposition of concurrent terms in 2002 was unauthorized and it was precluded from imposing a greater sentence at resentencing, but section 654 applied because the two offenses occurred during a single course of conduct.

On appeal, defendant challenges three of the court's sentencing decisions. Defendant claims the trial court erred in staying the sentence on count I under section 654, erred in imposing consecutive terms on counts I and II, and erred in denying his *Romero* motion. The People dispute any entitlement to relief.

For the reasons discussed next, we vacate defendant's sentence and remand for resentencing.

## DISCUSSION

### I. Statutory Authority for Recall and Resentencing

### A. Section 1172.75

Defendant's prior prison term enhancement became legally invalid following the passage of Senate Bill 483 and CDCR provided notice to the trial court, which then recalled his sentence and resentenced him under that section. (§ 1172.75, subds. (a)–(c).) "'By its plain terms, section 1172.75 requires a *full* resentencing, not merely that the trial court strike the newly "invalid" enhancements.'" (*People v. Garcia* (2024) 101

4.

Cal.App.5th 848, 855, italics added, quoting *People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) The statute provides,

> "(d) [¶] (1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

> "(2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

> "(3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(1)–(3).)

**B. Section 1172.1**

In briefing, however, defendant also relies on recall and resentencing under section 1172.1 as amended by Assembly Bill 600. (Assem. Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600).) Assembly Bill 600 amended section 1172.1, effective January 1, 2024, to permit the trial court, "within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law* … [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence.…" (*Id.,* subd. (a)(1), italics added.)

5.

Assembly Bill 600 provides, "(a) It is the intent of the Legislature that, in resentencing proceedings pursuant to Section 1172.1 of the Penal Code, all ameliorative laws and court decisions allowing discretionary relief should be applied regardless of the date of the offense or conviction.

"(b) It is the further intent of the Legislature that courts have full discretion in resentencing proceedings pursuant to Section 1172.1 of the Penal Code to reconsider past decisions to impose prior strikes. The list of factors considered in … *Romero*[*, supra*,] 13 Cal.4th 497, is not exhaustive. Courts should consider Section 1385 of the Penal Code, postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice.

"(c) Consistent with the California Racial Justice Act, it is the intent of the Legislature to provide remedies that ameliorate discriminative practices in the criminal justice system, including discrimination in seeking or obtaining convictions or imposing sentences.

"(d) It is the intent of the Legislature that, in cases where the judge concludes that recall and resentencing pursuant to Section 1172.1 of the Penal Code is appropriate, the resentencing result in a meaningful modification. 'Meaningful modification' means it will cause some actual change in the person's circumstances, including, but not limited to, immediate release, earlier release, and newly acquired entitlement to review by the Board of Parole Hearings or the advancement of eligibility for a parole hearing." (Legis. Counsel's Dig., Assem. Bill No. 600, Stats. 2023 (2023–2024 Reg. Sess.), Summary Dig., ch. 446, § 1, italics added.)

Defendant relies on this legislative intent to bolster his argument that the trial court abused its discretion in denying his *Romero* motion and remand for resentencing is required. However, defendant does not have a right to recall and resentencing under this section (§ 1172.1, subd. (c)), and CDCR did not recommend recall and resentencing under section 1172.1 (*id.,* subd. (a)(1)). As discussed below, we conclude the trial court

erred in denying defendant's *Romero* motion and we remand for resentencing. On remand, to the extent he concludes it inures to his benefit, defendant is not precluded from requesting that recall and resentencing be extended to include section 1172.1, but he does not have a right to relief under that section.

## II. Application of Section 654 to Count I

### A. Background

Defendant was originally sentenced to two concurrent terms of 25 years to life, and the trial court did not address section 654. (See *People v. Mejia* (2017) 9 Cal.App.5th 1036, 1045 [where there is no "explicit ruling by the trial court at sentencing, we infer that the court made the finding appropriate to the sentence it imposed, i.e., either applying section 654 or not applying it"].) At resentencing, the trial court was of the view that imposition of concurrent terms was unauthorized and it noted the prohibition against imposing greater punishment.[6] However, the court concluded that section 654 applied, stating, "The two offenses appear to be a single course of conduct, so one of them would have to be stayed pursuant to Penal Code Section 654."

The parties disagree on the nature of the error. Defendant claims, very generally, that the court erred when it concluded consecutive sentences were unauthorized and when

---

[6] "'Under the general rule of state constitutional law that the California Supreme Court has referred to as the *Henderson* rule, "[w]hen a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing."'" (*People v. Flores* (2022) 77 Cal.App.5th 420, 450, fn. 15 [discussing *People v. Henderson* (1963) 60 Cal.2d 482, 496, 497].) "The rule, which is grounded in double jeopardy and due process principles, serves to shield criminal defendants from having to choose between letting an erroneous conviction stand and risking more severe consequences on remand." (*People v. Flores, supra*, at p. 450, fn. 15.) "There are exceptions to the rule, [however,] including … 'if the initial sentence was unlawful or unauthorized' [citations]." (*Ibid.*) Additionally, section 1172.75 expressly provides that resentencing "shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) We need not address this concern in further detail, because, as addressed in part III. of the Discussion, imposition of concurrent sentences at the original sentencing hearing was not unauthorized.

it applied section 654. The People do not address the court's imposition of consecutive sentences, but argue that the court did not abuse its discretion when it stayed the sentence on count I under section 654.

The California Supreme Court has recognized that "section 654 is irrelevant to the question of whether multiple current convictions are sentenced concurrently or consecutively under the three strikes law, because section 654 does not allow *any* multiple punishment, whether concurrent or consecutive, and the analyses performed under the two statutes are entirely separate." (*People v. Lawrence* (2000) 24 Cal.4th 219, 226, citing *People v. Deloza* (1998) 18 Cal.4th 585, 594 (*Deloza*); accord, *People v. Torres* (2018) 23 Cal.App.5th 185, 204.) "'It has long been established that the imposition of concurrent sentences is precluded by section 654 [citations] because [under such a sentence] the defendant is deemed to be *subjected* to the term of *both* sentences although they are served simultaneously.'" (*People v. Duff* (2010) 50 Cal.4th 787, 796.) "[W]hen a court determines that a conviction falls within the meaning of section 654, it is necessary to *impose* sentence but to stay the *execution* of the duplicative sentence, a resolution we anticipated would prevent the addition of incremental punishment." (*Ibid.*) Therefore, we first consider whether the trial court erred when it stayed the sentence on count I under section 654.

## B. Legal Principles

As amended by Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518), effective January 1, 2022, section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.…" The statute "expressly prohibits separate punishment for two crimes based on the same act, but has been interpreted to also preclude multiple punishment for two or more crimes occurring within the same course of conduct pursuant to a single intent." (*People v. Vargas* (2014) 59 Cal.4th 635, 642;

accord, *People v. Harrison* (1989) 48 Cal.3d 321, 335.) Determining "[w]hether a defendant may be subjected to multiple punishment under section 654 requires a two-step inquiry .…" (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) "We first consider if the different crimes were completed by a 'single physical act.' [Citation.] If so, the defendant may not be punished more than once for that act. Only if we conclude that the case involves more than a single act—i.e., a course of conduct—do we then consider whether that course of conduct reflects a single '"intent and objective"' or multiple intents and objectives." (*Ibid.*)

"[T]he court acts in 'excess of its jurisdiction' and imposes an 'unauthorized' sentence when it erroneously stays or fails to stay execution of a sentence under section 654." (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17.) We review the trial court's express or implied factual findings for substantial evidence, and its conclusions of law de novo. (*People v. Brents* (2012) 53 Cal.4th 599, 618; *People v. Perez* (1979) 23 Cal.3d 545, 552 & fn. 5; *People v. Moseley* (2008) 164 Cal.App.4th 1598, 1603.) We "affirm the trial court's ruling, if it is supported by substantial evidence, on any valid ground." (*People v. Capistrano* (2014) 59 Cal.4th 830, 886, fn. 14, overruled in part on another ground in *People v. Hardy* (2018) 5 Cal.5th 56, 103–104; accord, *Brents, supra*, at p. 618.)

### C. Analysis

This case involves a course of conduct rather than a single physical act. Defendant was convicted of being a felon in possession of a firearm and attempted criminal threats, and, at resentencing, the trial court did not make any express factual findings beyond noting there was a single course of conduct, a point the People reiterate on review. However, it has long been recognized that with respect to the crime of being a felon in possession of a firearm, whether the conduct is divisible and, therefore, subject to additional punishment, depends on whether the defendant possessed the firearm before committing other crimes. (*People v. Venegas* (2020) 44 Cal.App.5th 32, 38; accord,

9.

*People v. Rosas* (2010) 191 Cal.App.4th 107, 111.) Notably, the judge who oversaw the jury trial and original sentencing did not apply section 654 and neither the original probation report nor the supplemental probation report recommended application of section 654.

"It is clear that multiple punishment is improper where the evidence 'demonstrates at most that fortuitous circumstances put the firearm in the defendant's hand only at the instant of committing another offense .…'" (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1144 (*Jones*), quoting *People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1412.) "On the other hand, it is clear that multiple punishment is proper where the evidence shows that the defendant possessed the firearm before the crime, with an independent intent." (*Jones, supra*, at p. 1144.) In this case, the record reflects that defendant was at a bar, where he struck up a conversation with a woman and told her he was going to kill the manager.[7] They went outside with several other people, where defendant made additional threats. As defendant turned to leave, he displayed a handgun at his waist. We discern no evidentiary support for a finding that defendant obtained the firearm fortuitously at the time of the threats. (*Jones, supra*, at p. 1144.) Rather, the only reasonable inference based on the facts underlying the crimes is that defendant had the firearm at his waist when he entered the bar.

Accordingly, consistent with caselaw examining when section 654 does and does not apply to bar multiple punishment for possession of a firearm during the commission of another offense, we conclude section 654 does not bar multiple punishment in this case. (E.g., *People v. Bradford* (1976) 17 Cal.3d 8, 13, 22–23 [§ 654 applied to possession of firearm and assault on officer where the defendant wrested firearm from officer and shot at him]; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1378–1379

---

[7] We take judicial notice of our nonpublished opinion in *People v. Castillo* (Mar. 23, 2004, F041496). (Evid. Code, §§ 452, subd. (d), 459.)

[reasonably inferable the defendant possessed the firearm prior to committing kidnapping during carjacking and no evidence showed fortuitous circumstances placed firearm in his hand at instant of kidnapping during carjacking]; *People v. Vang* (2010) 184 Cal.App.4th 912, 917 [§ 654 did not apply where possession of firearm inside home not fortuitous and inseparable from possession of drugs]; *People v. Flores* (2005) 129 Cal.App.4th 174, 186–187 [§ 654 did not apply where the defendant took firearm from coconspirator, put it in his waistband, and removed it and fired only after others raised level of force]; *Jones, supra*, 103 Cal.App.4th at p. 1147 [inferable the defendant had the firearm before shooting at inhabited dwelling and any other interpretation absurd]; *People v. Ratcliff, supra*, 223 Cal.App.3d at p. 1413 [§ 654 did not apply where the defendant committed two armed robberies 90 minutes apart and was arrested 30 minutes later still in possession of gun]; *People v. Venegas* (1970) 10 Cal.App.3d 814, 819–821 [§ 654 applied where no evidence the defendant possessed the gun before the shooting and defense presented evidence of two people struggling over a gun before the defendant shot the victim].)  The trial court's contrary conclusion is not supported by substantial evidence and, therefore, it was error to stay the sentence on count I under section 654.

### III.    Imposition of Consecutive Sentences

Next, we turn to whether the trial court erred when it concluded concurrent terms were unauthorized and imposed consecutive terms on counts I and II.  As previously discussed, "the question of whether sentences should be concurrent or consecutive is separate from the question of whether section 654 prohibits multiple punishment" (*Deloza, supra*, 18 Cal.4th at p. 594), and whether the Three Strikes law "requires consecutive sentencing is not coextensive with the analysis for determining if section 654 permits multiple punishment" (*Deloza, supra,*. at p. 595).  In *Hendrix*, the California Supreme Court interpreted section 667, subdivisions (c)(6) and (7), of the Three Strikes law and concluded, "Subdivision (c)(6) mandates consecutive sentencing for any current felony not committed on the same occasion, and not arising from the same set of

operative facts. Consecutive sentencing is not mandated under subdivision (c)(6) if the current felonies are committed on the same occasion or arise from the same set of operative facts. However, under subdivision (c)(7), if any two current felonies are serious or violent, and were not committed on the same occasion, and do not arise from the same set of operative facts, the trial court must impose the sentences for these offenses consecutive to each other and 'consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law.'" (*People v. Hendrix* (1997) 16 Cal.4th 508, 513–514; accord, *Deloza, supra*, at pp. 590–591 [interpreting §§ 1170.12, subd. (a)(6)–(7) & 654].)[8] More recently, in *Henderson*, the court revisited the issue and held, "[A]fter the Reform Act, a trial court retains the *Hendrix* concurrent sentencing discretion when sentencing on qualifying offenses committed on the same occasion or arising from the same set of operative facts." (*People v. Henderson* (2022) 14 Cal.5th 34, 56 (*Henderson*).)

In this case, at the original sentencing hearing, the trial judge stated it was a close question, but it elected to impose concurrent terms because "of the close relationship in proximity, time, and circumstances of the two offenses." At resentencing, the trial court concluded that concurrent sentences were unauthorized, but courts have discretion to impose concurrent terms so long as the "qualifying offenses [were] committed on the same occasion or arising from the same set of operative facts." (*Henderson, supra*, 14 Cal.5th at p. 56.) Here, defendant was armed with a firearm at a bar, where he threatened the manager, and he was arrested as he walked away. Under these circumstances, the trial court did not abuse its discretion when it elected to impose concurrent terms at the original sentencing hearing, and, at resentencing, the court erred in concluding otherwise.

---

[8] Defendant's conviction for being a felon in possession of a firearm is not a strike offense, while his conviction for attempted criminal threats with a section 12022.5 firearm enhancement is both a serious and a violent felony under the Three Strikes law. (§ 667.5, subd. (c)(8), 1192.7, subd. (c)(38)–(39).)

(§ 1172.75, subd. (d)(1) ["Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."]; *People v. Ali* (1967) 66 Cal.2d 277, 281–282 [imposition of consecutive terms where concurrent terms were originally imposed constitutes increased punishment].)

## IV.    *Romero* Motion

### A.    Procedural Background

Finally, defendant challenges the denial of his *Romero* motion.  At the resentencing hearing, the trial court stated, "Now, lastly, the Court recognizes that I do have discretion if I choose to exercise it regarding what's commonly referred to as a *Romero* motion regarding the strikes.  I'm electing not to exercise that discretion and I'm not inclined to strike the strike priors, and that is based upon my review of the defendant's—again, his criminal history, which is set forth in the probation officer's report, which is essentially just a series of unending criminal behavior.  And if memory serves, when he went to prison for the 1994 conviction he went through numerous parole violations and being returned to custody.  He was released—just finally discharged on April 20th of 2001, and then committed an offense for which he's being sentenced just shy of seven months later.  Roughly nine months after being released from prison. Excuse me, roughly 11 months after being released from prison."  (Italics added.)

Defendant argues that the trial court abused its discretion by focusing on his criminal history to the exclusion of other relevant factors.  He seeks remand and resentencing so the court may consider the remoteness of his prior strike convictions, the fact his prior strike convictions were incurred when he was a juvenile, and lack of physical violence and danger to the public.  The People dispute any entitlement to relief.[9]

---

[9]    The People also address entitlement to relief under section 1170.126 of the Reform Act and Senate Bill 81.  However, defendant does not claim error with respect to the trial court's denial of his request for relief under the Reform Act or challenge the trial court's decision not to strike the firearm enhancement under section 1385, subdivision (c), as amended by Senate Bill 81.

## B.    Legal Principles

The trial court's discretion to strike prior felony convictions in furtherance of justice under section 1385 must be viewed through the lens of the Three Strikes alternate sentencing scheme.  (*Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th 1193, 1206–1207.)  "'[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' (*Romero, supra*, 13 Cal.4th at p. 528.)  To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."'  ([*People v.*] *Strong* [(2001)] 87 Cal.App.4th [328,] 337–338, fn. omitted.)

"Consistent with the language of and the legislative intent behind the three strikes law, we have established stringent standards that sentencing courts must follow in order to find such an exception.  '[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, "in furtherance of justice" pursuant to Penal Code section 1385[, subdivision ](a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' ([*People v.*] *Williams, supra*, [(1998)] 17 Cal.4th [148,] 161.)

"Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss (*People v. Langevin* (1984) 155 Cal.App.3d 520), or where the court considered impermissible factors in declining to dismiss ([*People v.*] *Gillispie* [(1997)] 60 Cal.App.4th [429,] 434). Moreover, 'the sentencing norms [established by the Three Strikes law may, as a matter of law,] produce[] an "arbitrary, capricious or patently absurd" result' under the specific facts of a particular case." (*People v. Carmony* (2004) 33 Cal.4th 367, 377–378 (*Carmony*).)

### C. Analysis

The record expressly reflects that the trial court relied on defendant's criminal history to deny his *Romero* motion, but there is no indication the trial court considered the other relevant factors. Moreover, the prosecutor argued, incorrectly, that the trial court must assess whether dismissal was in the furtherance of justice within the meaning of section 1385 at the time his commitment offenses occurred.

Defendant's two prior serious felony convictions were juvenile adjudications for witness intimidation in violation of section 136.1, incurred in 1983, when defendant was 17 years old. Defendant is now 58 years old and his prior strike convictions were incurred 41 years ago. Defense counsel represented that while incarcerated, defendant took classes, participated in groups, and has not engaged in violent conduct. The probation report reflects that defendant had two rule violations for cell fights, in 2008 and 2014, and he expressed remorse for possessing a firearm; and given defendant's young age at the time and the passage of 30 to 40 years, the probation officer concluded

15.

defendant might not pose a physical danger to others if released. These are all relevant considerations.

Also relevant is the sentence imposed. The California Supreme Court has stated, "'[I]t is the overarching consideration because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences.'" (*People v. Johnson* (2015) 61 Cal.4th 674, 689, quoting *People v. Garcia* (1999) 20 Cal.4th 490, 500.) Defendant received two terms of 25 years to life based on an incident in which he entered a bar with a firearm in his waistband and threatened the manager, and this sentence was in turn based on two incidents, close in time, in which defendant threatened witnesses. Neither society nor the Legislature condones this conduct, and under the Three Strikes law, making criminal threats while armed is a violent felony and witness intimidation is a serious felony. Nevertheless, criminal behavior occurs on a continuum, with crimes such as murder, rape, and child molestation among the most abhorrent of crimes, resulting in either fatal or grave harm to the victims and lifelong devastation to survivors and loved ones. The trial court "must consider both the defendant's constitutional rights and society's interest in the prosecution of crimes" and "'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*People v. Johnson, supra*, at pp. 688, 689, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161.)

The record in this case is not silent, but neither does it reflect "'the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law ....'" (*Carmony, supra*, 33 Cal.4th at p. 378.) Further, defendant was entitled to a full resentencing, including consideration of all the factors relevant to determining whether to strike prior convictions under section 1385. Therefore, we vacate the ruling

and remand for resentencing.  While we express no view on how the trial court should ultimately exercise its sentencing discretion on remand under section 1385, the court shall consider all of the relevant factors, including the length of defendant's sentence.

## DISPOSITION

Defendant's sentence is vacated and this matter is remanded for full resentencing consistent with the principles discussed herein.

MEEHAN, J.

WE CONCUR:

HILL, P. J.

SNAUFFER, J.