Filed 10/9/24  P. v. Freelove CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D082376 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD295760) |
| HOWARD RAYMOND FREELOVE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Howard Raymond Freelove appeals from a final judgment of conviction after he was denied probation and sentenced to three years in state prison.

Freelove argues the trial court erred by denying probation because it (1) misunderstood its discretion to grant probation, despite the presumptive ineligibility, based on the "unusual case" factors under California Rules of Court, rule 4.413, and, as a result, (2) violated his constitutional due process rights. We find this matter appropriately resolved by memorandum opinion and affirm. (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

## I.

Freelove was convicted of three charges, including assault with a deadly weapon, making him presumptively ineligible for probation. (Pen. Code, §§ 245, subd. (a)(1), 1203, subd. (e)(2).)

The eligibility section in Freelove's probation report references rule 4.413 and notes that section 1203(e)(2) permits an exception to presumptive ineligibility "in the unusual case in which the interests of justice would best be served" by granting probation. The probation officer "reviewed the criteria for the unusual case" and concluded "none appear to apply." Next, the report describes the circumstances supporting a grant of probation and those supporting denial.

At sentencing, the trial court found Freelove was "presumptively ineligible for probation" as "discussed in the probation officer's report." The court "adopt[ed] the circumstances supporting a grant . . . as well as those supporting a denial of probation." It thus denied probation.

Freelove's counsel "submitted on [the] report of probation" without objection or argument. After the court denied probation and imposed the sentence, defense counsel did not object and did not argue any unusual case factors applied.

II.

We review sentencing decisions, like the finding that a case is or is not unusual under rule 4.413, for abuse of discretion. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178.)

A.

Freelove claims the trial court misunderstood its sentencing discretion whether to grant probation under rule 4.413, and thus erred by failing to consider the unusual case factors when it found he was presumptively ineligible. We disagree.

"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) A court that misunderstands its discretion cannot exercise informed discretion. (*Ibid.*) To prove error on this basis, an appellant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) We assume the court was aware of and followed applicable law—a "silent record" is insufficient to overcome this assumption. (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724–725.)

Contrary to Freelove's contention, the record shows the trial court understood its discretion under rule 4.413. First, the court "adopt[ed] the circumstances supporting a grant . . . as well as those supporting a denial of probation," indicating it was aware it could make an exception to Freelove's presumptive ineligibility. Second, the court acknowledged the eligibility section in the probation report, which expressly referenced the exception under rule 4.413 to the presumption of probation ineligibility but found none of the unusual case criteria "appear to apply" to Freelove. By acknowledging this discussion, the court implicitly confirmed it understood its discretion to

3

find Freelove's case was unusual, and thus eligible for probation, if the relevant rule 4.413 factors applied. Accordingly, we conclude the trial court understood its discretion whether to grant probation under rule 4.413.

Freelove also argues that, had the court understood its discretion, it "would have, or should have," found facts supporting an unusual case exception under rule 4.413. The court, however, was not required to state its reasons for finding Freelove did not overcome his statutory presumption of ineligibility. (*People v. Langevin* (1984) 155 Cal.App.3d 520, 523.) As a result, this argument strays toward challenging the "manner in which the trial court exercise[d] its sentencing discretion," a claim Freelove forfeited when his counsel did not object on this basis at the sentencing hearing. (*People v. Scott* (1994) 9 Cal.4th 331, 356.)

B.

Lastly, Freelove claims the trial court violated his federal and California constitutional due process rights by denying probation based on its "erroneous view" of its sentencing discretion. Because we conclude the trial court understood its discretion, we need not address this argument.

III.

We affirm.

CASTILLO, J.

WE CONCUR:

DO, Acting P. J.

RUBIN, J.

4